UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID LeROY GAMBLE,

    Plaintiff,

v.

JOAN FABIAN,
Commissioner of Corrections,

    Defendant.

Civil No. 09-1681 (PAM/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) when he commenced this action, but he instead filed the IFP application that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $3.39. However, Plaintiff did not tender his initial

partial filing fee with his complaint and IFP application. Therefore, by order dated August 4, 2009, (Docket No. 5), Plaintiff was directed to pay his initial partial filing fee of $3.39 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so. Plaintiff did write a letter to Clerk of Court, (Docket No. 24, filed 9/1/09), which indicated that he was not familiar with all of the filing fee requirements imposed by the PLRA. However, Plaintiff's letter does not challenge the computation of his initial partial filing fee, or his obligation to pay the fee. The letter does include a vague request for "leniency," which could be construed as an after the fact request for an extension of the deadline for paying the initial partial filing fee. But, he also acknowledges that his case is likely "already" dismissed for failing to pay the fee as ordered, and he primarily asks for more forms to file again if he chooses. The docket reflects that the forms he requested were mailed to him by the Clerk of Court on September 1, 2009.

Therefore, in accordance with the Court's prior order of August 4, 2009, it is now recommended that Plaintiff be deemed to have abandoned this present action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash

Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").[1]

Having determined that this action should be summarily dismissed for the reasons discussed above, the Court further recommends that Plaintiff's collateral motions – i.e., his motion to proceed IFP, (Docket No. 2), his "motion for copies," (Docket No. 7), and his motion for appointment of counsel, (Docket No. 8) – should be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "motion for copies," (Docket No. 7), be **DENIED**;

3. Plaintiff's motion for appointment of counsel, (Docket No. 8), be **DENIED**; and

---

[1] It is doubtful that Plaintiff could have achieved any success in this action even if he had paid his initial partial filing fee as ordered, because his complaint does not appear to state an actionable § 1983 claim against the named Defendant. Furthermore, it appears that Plaintiff is seeking damages for purely mental or emotional injuries, which normally would be precluded by 42 U.S.C. § 1997e(e).

If this action is dismissed without prejudice, as the Court is now recommending, the dismissal of this action, by itself, will not preclude Plaintiff from initiating a new action advancing the claims that he has attempted to bring here. However, Plaintiff should not attempt to commence a new action, (and thereby commit himself to paying a $350 filing fee), without first carefully considering whether he can actually present a sustainable claim.

4. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 2, 2009          s/ *Jeanne J. Graham*
                                JEANNE J. GRAHAM
                                United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 19, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.